UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT C. TONSMEIRE,<br><br>                    Plaintiff,<br><br>v.<br><br>AM SOUTH BANK, MICHAEL C. DE LANEY, ARTHUR C. TONSMEIRE III, ESTATE OF JOSEPH L. TONSMEIRE, DANIEL L. TONSMEIRE, and EDWARD C. TONSMEIRE,<br><br>                    Defendants. | Case No. 1:12-cv-00288-EJL-LMB<br><br>**AMENDED REPORT AND RECOMMENDATION** |

   This matter is before the Court on the following motions from Defendants: (1) Defendant Arthur Tonsmeire's Motion to Dismiss (Dkt. 3); (2) Defendant William Seifert's Motion to Dismiss (Dkt. 15); and (3) Defendants William Seifert and Kenneth Neimeyer's Motion to Dismiss. (Dkt. 28). Additionally, Plaintiff has moved for summary judgment, (Dkt. 24), and has requested several enlargements of time to respond to Defendants' motions. (Dkts. 10, 34 & 45). After considering the positions of the parties,

**AMENDED REPORT AND RECOMMENDATION - 1**

and after a thorough review of the record, the Court finds, and thus concludes, that Plaintiff's claims are time-barred, and precluded by *res judicata*. Accordingly, for the following reasons, the undersigned recommends that Defendants' motions to dismiss (Dkts. 3, 15 & 28) be granted and Plaintiff's Complaint (Dkt. 1) be dismissed with prejudice.

## REPORT

Plaintiff Robert Tonsmeire is attempting to remove a lawsuit filed by him in the State of Alabama in 1993. (*See Plaintiff's Notice of Removal*, Dkt. 1-4). In the 1993 Complaint (*Complaint*, Dkt. 1-27), Plaintiff alleges mismanagement of his trust fund, fraud in the administration of his father's estate, legal malpractice, and he claims an interest in two pieces of property. (*Id.*) The defendants named in that action are also named defendants in this instant action.

Following a bench trial, on April 27, 1994, Plaintiff's case was dismissed and Judgment was entered in favor of Defendants. (*Order & Judgment*, Dkt. 1-9). Defendants were also awarded costs. (*Id.*) Plaintiff appealed to the Alabama Supreme Court, which affirmed the lower court judgment in 1995. (*Supreme Court of Alabama Opinion*, Dkt. 1-8).

All Defendants have requested that Plaintiff's action be dismissed with prejudice because Plaintiff's claims are allegedly barred by the doctrines of collateral estoppel and res judicata. (Dkts. 3, 15 & 28).[1] Defendants also assert that Plaintiff has exhausted the

---

[1] The defendants have filed separate motions to dismiss. However, they argue the same principles bar relitigation of this action. Accordingly, unless otherwise noted, the motions to dismiss will be treated as a single motion to dismiss joined by all defendants.

same claims in Alabama state court proceedings nearly two decades ago.  Defendants argue the action now pending in this Court presents nothing new and as such, Plaintiff should be precluded from pursuing the same claims again here. The Court agrees.

Plaintiff does not respond directly to Defendants preclusion claims.  Rather, he has filed largely incoherent letters to the Court, apparently relating factual disputes. (Dkts. 23, 38, 48 & 49).

### A.     Claim Preclusion

Claim preclusion, or res judicata, prevents parties from re-litigating causes of action which were finally decided in a previous suit.  Claim preclusion "insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. . . . It is consistent with these principles to permit a court which has been apprised by [a party] of an earlier decision . . . to examine the [preclusive] effect of that prior judgment *sua sponte*." *McClain v. Apodacai,* 793 F.2d 1031, 1032-33 (9th Cir. 1986).  Claim preclusion applies when there is "(1) an identity of claims; (2) a final judgment on the merits;[1] and (3) identity or privity between parties."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

Here, there is no dispute that Plaintiff previously litigated a claim naming the same defendants and making the same claims against them in Alabama state court in 1993.  *See Tonsmeire v. AmSouth Bank, et al.*, Case No. cv-93-2328 (1993, Cir. Crt. of Mobile Co.,

---

[1] The phrase "final judgment on the merits is often used interchangeably with dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that with prejudice is an acceptable shorthand for adjudication on the merits); *see also Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999).

Alabama).  Furthermore, Plaintiff pursued that prior action to the Supreme Court of Alabama, which ultimately dismissed his claims as being filed beyond the controlling statute of limitations, and were also barred by the statute of frauds.  *See Tonsmeire v. AmSouth Bank, et al.*, Case No. 1931201 (1994, Supreme Court of Alabama).

After a thorough review of the claims made by Plaintiff here, the Court finds, and thus concludes, that the elements of res judicata are well established.  Competent courts in the State of Alabama have already determined that Plaintiff cannot proceed with these claims.

Simply put, Plaintiff has advanced in this action the set of facts that gave rise to the same allegations that have been alleged and fully adjudicated in the prior referenced lawsuit.  The primary alleged rights regarding the beneficial trust, property ownership, and the alleged harm are the same. The remaining elements of res judicata are also present.  Notably, the parties involved in Plaintiff's Alabama case are the same parties sued here.  Further, there is no indication that the Alabama court decisions were anything other than a judgment on the merits. *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."). Accordingly, Plaintiff's claims are barred by the doctrine of claim preclusion, and the defendants' motions to dismiss should be granted, and this action dismissed with prejudice.

**AMENDED REPORT AND RECOMMENDATION - 4**

B.     **Remaining Motions**

Because it appears that Plaintiff's action is without merit, the remaining motions should be denied as moot.  (*Plaintiff's Motion for Continuance*, Dkt. 10; *Plaintiff's Motion for Summary Judgment*, Dkt. 24; *Plaintiff's Second Motion for Continuance*, Dkt. 34; and *Plaintiff's Third Motion for Continuance*, Dkt. 45)

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendant Arthur Tonsmeire, III's Motion to Dismiss (Dkt. 3) be GRANTED;

2) Defendant William Seifert's Motion to Dismiss (Dkt. 15) be GRANTED;

3) Defendants William Seifert and Kenneth Niemeyer's Motion to Dismiss (Dkt. 28) be GRANTED;

4) Plaintiff Robert Tonsmeire's Motion for Continuance (Dkt. 10) be DENIED AS MOOT;

5) Plaintiff Robert Tonsmeire's Motion for Summary Judgment (Dkt. 24) be DENIED AS MOOT;

6) Plaintiff Robert Tonsmeire's Second Motion for Continuance (Dkt. 34) be DENIED AS MOOT;

7) Plaintiff Robert Tonsmeire's Third Motion for Continuanhce (Dkt. 45) be DENIED AS MOOT; and

8) Plaintiff Robert Tonsmeire's Complaint (Dkt. 1) be DISMISSED WITH PREJUDICE.

DATED: January 17, 2013

*/s/ Larry M. Boyle*

Honorable Larry M. Boyle
U. S. Magistrate Judge

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 626(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.