UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT C. TONSMEIRE,<br><br>          Plaintiff,<br><br>   v.<br><br>AM SOUTH BANK, MICHAEL C. DELANEY ARTHUR C. TONSMEIRE III, ESTATE OF JOSEPH L. TONSMEIRE, DANIEL L. TONSMEIRE, and EDWARD C. TONSMEIRE,<br><br>          Defendants. | Case No. 1:12-CV-00288-EJL<br><br>ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION |

United States Magistrate Judge Larry M. Boyle issued an Amended Report and Recommendation in this matter. (Dkt. 52.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Objections were filed by Plaintiff and responses to the objections were filed by Defendants. The matter is now ripe for the Court's consideration.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Where

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION - 1**

the parties object to a report and recommendation, this Court shall make a de novo determination of those portions of the report which objection is made. *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)). In this case, the objections were filed so the Court is required to conduct a de novo determination of the Report and Recommendation.

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION - 2**

## FACTUAL BACKGROUND

The Court adopts the factual background set forth by Judge Boyle.

## OBJECTIONS

Plaintiff contends that the Court is ignoring the law and that issues decided and appealed in Alabama are ripe for review in federal court in Idaho. The Court respectively disagrees with Plaintiff. The Court agrees with Judge Boyle that the doctrine of *res judicata* applies to the current claims by Plaintiff. The Court has considered and understands Plaintiff's argument that the proceedings approximately 20 years ago in Alabama were not fair or complete, but this Court does not have jurisdiction to re-open a closed Alabama proceeding and cannot simply retry the proceedings ignoring the Alabama proceedings. The judicial system is not set up to allow parties to re-litigate their claims in another jurisdiction if the outcome in the first jurisdiction is not to their liking. Plaintiff received appellate review of the Alabama proceedings.

This Court has reviewed Plaintiff's claims and by his own admission they are the same claims he litigated unsuccessfully in Alabama. The Court finds the three elements of *res judicata* have been established: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Plaintiff wants to dispute that not all the facts were presented in Alabama such that the judgment was not on the merits.

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION - 3**

This argument is not properly raised before this Court and should have been raised to the Alabama appellate court. This Court simply cannot re-try issues and claims already adjudicated. Any claim of fraud must be raised with the Court that issued the judgment, not a new court.

The Court adopts as it own response to Plaintiff's objections the responses filed by Defendants in Dkts. 55 and 56. For all these reasons, Plaintiff's objections to the Amended Report and Recommendation are denied and the action must be dismissed based on Plaintiff's failure to raise a claim upon which relief can be granted.

## CONCLUSION

The Court has reviewed the Amended Report and Recommendation and the record in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Amended Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same.

## ORDER

**IT IS ORDERED:**

1. The Amended Report and Recommendation (Dkt. 52) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety unless otherwise modified by this Order.

2. Defendants' Motions to Dismiss (Dkt. 3, 15, and 28) are GRANTED.

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION - 4**

3. Plaintiff's Motion for a Continuance (Dkt. 10), Motion for Summary Judgment (Dkt. 24), Second Motion for a Continuance (Dkt. 34), Third Motion for a Continuance (Dkt. 45) are DENIED AS MOOT based upon the Court's granting of the motions to dismiss.

4. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

DATED: **February 19, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION - 5**